# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **YOLANDA HERNÁNDEZ GONZÁLEZ, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**MANATI MEDICAL CENTER, et al.**<br><br>Defendants. | CIVIL NO. 16-3120 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This is a medical malpractice action against Dorado Health Inc. d/b/a Manatí Medical Center, Dr. Armando Cruzado-Ramos, Dr. Irma Alvarado-Torres and others under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141 and 5142 (Docket No. 1). Dorado Health and Dr. Alvarado move for dismissal on account of delay and deficiencies related to service of process (Docket Nos. 21 and 28). Plaintiffs opposed and requested leave to amend the complaint (Docket Nos. 23 and 30). Dorado Health replied to plaintiffs' opposition to its motion (Docket No. 24). For the reasons explained below, the dismissal motions are DENIED.

### I.  STANDARD OF REVIEW

Rule 4(c) of the Federal Rules of Civil Procedure provides that "summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m). . ." Rivera Otero v. Amgen Mfg. Ltd., 317 F.R.D. 326, 328 (D.P.R. 2016)(quoting Fed. R. Civ. P. 4(c), which was amended on December 5, 2015 to provide plaintiff 90 days, instead to 120 days, to serve process). If a plaintiff does not effectuate service of a summons on a defendant within 90 days from the filing of the complaint, a court may either dismiss the action without prejudice; order that service be

made within a specified time; or extend the time period for service if the plaintiff shows good cause for the failure. See, Fed. R. Civ. P. 4(m); Rivera-Otero, 317 F.R.D. at 326; Diaz-Rivera v. Supermercados Econo Inc., 18 F.Supp.3d 130, 133 (D.P.R. 2014).

## II. DISCUSSION

### A. Motion to Dismiss filed by Dorado Health (Docket No. 21)

On December 12, 2016 summons were issued (Docket No. 2). On March 7, 2017, plaintiffs requested a 60-day extension to serve process (Docket No. 3). On March 7, 2017, the request was granted (Docket No. 4). On May 9, 2017, plaintiffs asked for a "second and final" extension to serve process (Docket No. 5). On May 12, 2017, the court "reluctantly" granted them the extension that they requested, to expire on July 10, 2017, warning that the grounds asserted in support of the request did not prevent plaintiffs from serving the defendants (Docket Nos. 5 and 6).[1]

On July 7, 2017, plaintiffs served "Manatí Medical Center" (Docket No. 21, Exhibit 1 at ¶ 5).[2] But Manatí Medical Center is not a corporation. It does not have a separate legal existence. It is the name under which Dorado Health – which is not listed in the Complaint as a defendant – operates the hospital (Docket No. 21). Thus, Dorado Health seeks dismissal on the ground that attempted service of process on Manatí Medical Center is legally insufficient to constitute valid service of process upon Dorado Health.

---

[1] The court also noted that plaintiffs should consider whether dismissal of the complaint without prejudice was warranted to allow them to complete several tasks listed in their "Second and Final Motion Requesting Extension of Time to Serve Process" (Docket No. 6).

[2] The Complaint alleges that the Manatí Medical Center is: (i) a corporation organized under the laws of the Commonwealth of Puerto Rico, with principal place of business in Puerto Rico; (ii) a medical institution dedicated to offering a variety of specialized health services in the Commonwealth of Puerto Rico and is compelled to meet the needs of the patient, doctor's orders and health plan requirements; and (iii) the employer or principal contractor of the Nurse and Doctor responsible for providing or having provided adequate medical treatment to Yolanda (Hernández González) (Docket No. 1 at ¶ 7).

The court need not tarry long here to conclude that service of process was insufficient. Plaintiffs so concede while moving the court for leave to amend the complaint. Their request does not, however, show that due diligence was employed to identify and name the correct legal entity.[3] And while the court is seriously concerned with plaintiffs' omission – which can ultimately delay the resolution of the case – it will exercise its discretion to allow the Complaint to be amended in the interest of justice and give plaintiffs a final opportunity to properly serve Dorado Health.[4] On that basis, the motion to dismiss will be DENIED. Plaintiff shall file an amended complaint by December 15, 2017 and serve process upon Dorado Health not later than December 22, 2017.

**B. Motion to Dismiss filed by Dr. Irma N. Alvarado-Torres (Docket No. 28)**

Dr. Alvarado claims that she was not properly served with process because the summons: (1) were delivered to the office administrator, who was not authorized to receive summons on her behalf (Docket No. 28); and (2) were so delivered on July 20, 2017 – 10 days after the expiration of the term the court granted to serve process in this case. Id. Plaintiffs oppose, alleging that the process server faced difficulties to locate the doctor and that, after several attempts they were able to serve her with process (Docket No. 30, Exhibit 1). Additionally, they posit that summons were received by Yarlene Robles, who identified herself as doctor Alvarado's "office manager or administrator" and explained that "the best way to complete the service of summon [sic] process

---

[3] The court is additionally troubled by the fact that, as per the process server's note in the "Proof of Service" Section, he received the summons on July 3, 2017 (that is, 7 days before the second extension of time to serve process expired) albeit they were issued on December 12, 2016 (Docket Nos. 2, 18 at p. 2, 18-1 at p. 2, and 18-2 at p. 2).

[4] See, Preston v. Mendlinger, 83 F.R.D. 198 (S.D.N.Y. 1979)(although service of process was insufficient, plaintiffs given opportunity to serve defendant with an amended complaint); Rivera Otero, 317 F.R.D. at 326 (action not dismissed despite plaintiff's failure to properly serve defendant; summons were quashed while noting that initial defects in plaintiff's service of process were easily curable, and it was his first attempt to serve defendant).

upon her was by leaving the summons with [her]." Id. at ¶ 7.[5] In the alternative, they ask the court to quash service and grant them a new opportunity to serve process upon doctor Alvarado.[6]

It is apparent that any request for an extension of time to serve process should have been timely filed before the expiration of the term, showing good cause as to why it should be granted. Nevertheless, plaintiffs failed to so move the court in the case of doctor Alvarado. Instead, they filed an informative motion on July 14, 2017 – 4 days after expiration of the term provided to serve process – explaining the difficulties they faced trying to locate and serve doctor Alvarado. And even though a request to serve process was not made as part of that motion and the request was filed *after* the term to serve process expired, the filing gives the court pause.[7] Therefore, in the interest of justice, the court will not dismiss the claims against doctor Alvarado. Rather, it will order plaintiffs to serve process upon doctor Alvarado with copy of the amended complaint by December 22, 2017. See, Fed.R.Civ.P. 4(m)(if party is not served within the time allowed, the court must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time).[8]

---

[5] In support, they filed an "Unsworn Declaration Under Penalty of Perjury" of the server with the efforts to locate and serve doctor Alvarado.

[6] They also ask that if the court decides to dismiss their claims against doctor Alvarado, dismissal be without prejudice (Docket No. 30 at ¶ 11).

[7] Considering the totality of circumstances, the court will not penalize plaintiffs for their counsel's last minute attempt to engage a process server to complete service within the deadline set by the court. See, discussion in footnote 3.

[8] See, Moreno-Pérez v. Toledo-Dávila, 266 F.R.D. 46, 50-51 (D.P.R. 2010)(noting that, even in the absence of good cause, dismissal was not appropriate given that defendants were served expediently after the deadline and were aware of the claims against them); Harrison v. Bornn, Bornn & Handy, 200 F.R.D. 509 (D.Virgin Islands 2001) (Magistrate judge properly exercised discretion in granting extension of time for plaintiff to serve complaint on defendant, even though plaintiff's first attorney failed to move for extension within initial 120-day period for service under rules of civil procedure, and may have been dilatory in locating defendant; it was preferable to decide case on merits, plaintiff should not have been penalized for first attorney's inaction, there was no prejudice to defendant, since case was in early stages, and defendant's frequent changes of residence belied her argument that she was easy to find).

### III. CONCLUSION

For the reasons stated, the motions to dismiss at Docket Nos. 21 and 28 are DENIED. Plaintiffs are granted until December 15, 2017 to amend the complaint and until December 22, 2017 to accordingly serve process upon Dorado Health and doctor Alvarado. Plaintiffs are expected to strictly comply with this Order and diligently prosecute the case or risk sanctions, including dismissal of the claims.

**SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of December, 2017.

                                                  s/Pedro A. Delgado-Hernández
                                                  PEDRO A. DELGADO-HERNÁNDEZ
                                                  United States District Judge